UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL M.,[1] | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|        v. | )    No. 1:23-cv-00009-TWP-CSW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| | ) |
|        Defendant. | ) |

**REPORT AND RECOMMENDATION ON JUDICIAL REVIEW
OF THE COMMISSIONER'S DENIAL OF BENEFITS**

This matter is before the Honorable Crystal S. Wildeman, United States Magistrate Judge, pursuant to an Entry Referring Matter to Magistrate Judge, to conduct and issue a report and recommendation regarding the appropriate disposition of this matter. (Dkt. 14). Claimant, Rachel M., seeks judicial review of the Social Security Administration's ("SSA") decision denying her Title II application for a Period of Disability and Disability Insurance Benefits ("DIB"). (Dkt. 1). She argues that the Administrative Law Judge ("ALJ") committed reversible error by failing to consider medical records prior to the date last insured. (Dkt. 10). For the following reasons, the Magistrate Judge recommends that the Commissioner's decision be **AFFIRMED**.

**I.  BACKGROUND**

On February 4, 2020, Claimant filed a Title II application for DIB alleging a disability beginning on December 20, 2014. (Dkt. 7-3 at 2-4, R. 69-71). Claimant's application was denied initially on September 9, 2020, and upon reconsideration on February 5, 2021. (*Id.* at 6, 11, R.73, 78).

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

On August 12, 2021, Claimant appeared before the ALJ by telephone due to the COVID-19 pandemic. (Dkt. 7-2 at 35-69, R. 34-68).  A couple months later, the ALJ issued her decision denying Claimant's application.  (*Id.* at 26-30, R. 25-29).  The ALJ applied the five-step sequential evaluation process to determine whether the Claimant met the standard for "disabled" as defined under the Social Security Act.

In her decision the ALJ specifically found that:

- At Step One, Claimant did not engage in substantial gainful activity[2] since December 20, 2014, through her date last insured of December 31, 2018. (Dkt. 7-2 at 28, R. 27).

- At Step Two, through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment.  (*Id.* at 28-29, R. 27-28).

- At step Three, Claimant was not under a disability, as defined in the Social Security Act, at any time from December 20, 2014, the alleged onset date, through December 31, 2018, the date last insured (20 CFR 404.1520(c)).  (*Id.* at 29, R. 28).

Ultimately, the ALJ concluded that Based on the application for a period of disability and disability insurance benefits protectively filed on February 4, 2020, Claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act at any time from December 20, 2014, the alleged onset date, through December 31, 2018, the date last insured.  (*Id.* at 30, R. 29).

## II.   STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. ----, 139 S.Ct. 1148, 1151 (2019).  Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

---

[2] Substantial gainful activity is defined as work activity that is both substantial (i.e., involves significant physical or mental activities) and gainful (i.e., work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572.

2

has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).[3] "If a claimant satisfies steps one, two, and three, she will

---

[3] The Code of Federal Regulations contains separate, parallel sections concerning SSI and disability insurance benefits ("DIB"), which are identical in most respects. Cases may reference the section

3

automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at Step Four to determine whether the claimant can perform her past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

### III. DISCUSSION

Here, Claimant seeks reversal of the denial of her claim for benefits, arguing that the ALJ failed to consider all of the evidence in the record and failed to discuss significant evidence contrary to her ruling. (Dkt. 10). Specifically, Claimant points to Exhibit 6F as proof of the existence of medical records dated from within the

---

pertaining to DIB, such as in *Clifford*, which cites 20 C.F.R. § 404.1520. 227 F.3d at 868. Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.920. The Court will usually not reference the parallel section but will take care to detail any substantive differences applicable to the case.

relevant period of her disability. *Id.* Claimant also claims that the ALJ was required under SSR 18.1p[4] to consider whether the ALJ was required to discuss Claimant's Exhibit 2F and whether it could be used to infer a different established onset date prior to the date last insured. *Id.* In response, Defendant argues that Claimant has failed to show any alleged harm because the documents are from outside of the period of disability, and that even if she did allege a cognizable harm, the documents that Claimant cites do not contain any examination, analysis, or diagnosis of any particular impairment. (Dkt. 12). Defendant also states that Claimant's invocation of SSR 18.1p is not applicable in this case. *Id.*

First, the Court analyzes whether the ALJ failed to consider medical documents from the relevant medical period. The Court notes that an ALJ's decision of a denial of social security benefits must be supported by substantial evidence. *Million v. Astrue*, 260 Fed. Appx. 918, 921 (7th Cir. 2008). Evidence is substantial when "a reasonable mind might accept [it] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Upon review of Exhibit 6F, Claimant is correct that the documents contain dates or date ranges from within the December 20, 2014 to December 31, 2018 period of disability. Despite this, "[n]one of the records [actually] show that [Claimant] was diagnosed with any psychological impairment or disability, and they give no reason to believe that [Claimant] was severely limited in any daily or work activity." *See Million*, 260 Fed. Appx. at 922.

The referenced documents contain only routine lab reports of Claimant's blood and two prescription sheets. (Dkt. 7-8 at 384-86, 393, 396-97, R. 815-17, 824,

---

[4] SSR 18-1p (Social Security Ruling) "explains what [the Social Security Administration] mean[s] by [Established Onset Date ("EOD")] and clarifies how [it] determine the EOD in disability claims under titles II and XVI of the Act. Specifically, it addresses how [the SSA] determine[s] the EOD in claims that involve traumatic, non-traumatic, and exacerbating and remitting impairments. This ruling also addresses special considerations related to the EOD, such as work activity and previously adjudicated periods. Additionally, this SSR clarifies that an administrative law judge (ALJ) may, but is not required to, call upon the services of a medical expert (ME), to assist with inferring the date that the claimant first met the statutory definition of disability." Social Security Administration, *SSR 18-1p: Titles II and XVI: Determining the Established Onset Date (EOD) in Disability Claims*, (October 2, 2018), https://www.ssa.gov/OP_Home/rulings/di/01/SSR2018-01-di-01.html

825-828). The record also shows that Claimant was aware that records submitted to the ALJ lacked substantive analysis of any examination, analysis, or diagnosis.[5] The ALJ specifically made note of this in her decision. (Dkt. 7-2 at 29, R. 28). Indeed, Claimant sought an additional twenty-one (21) days to address the lack of medical records. Yet, ultimately, Claimant submitted a letter after that time period confirming that no additional records could be located. *Id.* Thus, there was a dearth of evidence to support Claimant's position that she was disabled during the insured period. Consequently, the ALJ's determination that Claimant is not disabled was supported by substantial evidence, which in this case was formed because of a *lack of evidence* provided by the Claimant.

Turning to Claimant's second argument, the Court addresses whether the ALJ failed to call a medical expert ("ME") to infer whether Exhibit 2F establishes Claimant's disability period began prior to the last date insured. (Dkt. 10). In support of this argument, Claimant cites to SSR 18-1p as authority for the ALJ's error; however, SSR 18-1p is not applicable in this instance. Claimant correctly states that ALJs are permitted to call MEs but they are not required to do so under SSR 18-1p. *Chris M. v. Kijakazi*, No. 1:21-cv-00001-MG-SEB, 2022 WL 1197630, at *4 (S.D. Ind. April 21, 2022) ("SSR 18-1p is explicit that the decision to seek the opinion of a medical expert is at the ALJ's complete discretion and '[n]either the claimant nor his or her representative can require an ALJ to call on the service of an ME [medical expert] to assist in inferring the [EOD].'"). The ALJ expressly stated that she did not utilize Exhibit 2F because it fell outside of the period of disability. (Dkt. 7-2 at 29, R. 28). It would make little sense to require the ALJ to call an ME when Claimant has not provided evidence demonstrating any medically determinable impairment, as discussed above. (Dkt. 7-3 at 2, R. 69).

---

[5] At multiple points during the hearing the ALJ asked both the Claimant and Claimant's representative whether there were additional records from the relevant period of disability. (Dkt. 7-2 at 41, 43, 69, R. 40, 42, 68). Despite ample opportunity to supplement the record in this regard, no additional records were submitted.

## IV.    CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** the ALJ's decision that Claimant is not disabled be **AFFIRMED**.

Any objection to this Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Any party shall have fourteen (14) days from the date of service to file written objections to this Report and Recommendation.

**IT IS SO RECOMMENDED** this 12th day of January 2024.

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distribution:

Erin Leigh Brechtelsbauer
Social Security Administration
erin.brechtelsbauer@ssa.gov

Michael G. Myers
mgmyers10@sbcglobal.net

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov